UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0156 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| EVAN M. FLAXMAN, | |
| Defendant. | |

Defendant Evan M. Flaxman awaits sentencing after pleading guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. Flaxman moves to strike a footnote from the Government's sentencing memorandum, claiming that the footnote argues — in contravention of the plea agreement between the parties — for a de facto (if not de jure) "abuse of position of trust" enhancement to Flaxman's offense level pursuant to § 3B1.3 of the Sentencing Guidelines. According to Flaxman, the Government is attempting to make an "'end-run[] around promises contained'" in the plea agreement by mentioning the enhancement in the disputed footnote. ECF No. 20 at 3 (quoting *United States v. Mitchell*, 136 F.3d 1192, 1194 (8th Cir. 1998)).

As a general matter, the Court does not entertain "motions to strike" statements that are made by an opposing party in a memorandum. *See Carlson Marketing Grp., Inc. v. Royal Indemnity Co.*, No. 04-CV-3368, 2006 WL 2917173, at *1-3 (D. Minn. Oct. 11, 2006). If a defendant disagrees with something that the government says in its brief, the proper response is for the defendant to explain the basis of his disagreement in his own brief or at a hearing — not to file a motion asking the Court to "strike" the disputed statement from the government's brief.

Whatever the government did or did not agree to in the plea agreement, that agreement does not bind the Court.  In this case, as in every case, the Court will make its own independent determination of what the Sentencing Guidelines recommend.  And in this case, as in every case, the Court will make its own independent determination of what sentence is warranted under 18 U.S.C. § 3553(a).  The Court understands that Flaxman does not believe that he should receive an enhancement under § 3B1.3 or that the conduct that might lead to such an enhancement should be held against him under § 3553(a).  The Court will rule on those issues — and on all other sentencing-related issues — when it sentences Flaxman.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Evan M. Flaxman's motion to strike [ECF No. 20] is DENIED.


Dated: December 4 , 2012               s/Patrick J. Schiltz
                                       Patrick J. Schiltz
                                       United States District Judge